FISH et al. v. OGDENSBURGH & L. C. R. CO. et al.

(Circuit Court, N. D. New York. March 26, 1897.)

FEDERAL COURTS — JURISDICTION — FORECLOSURE SUIT — POSSESSION OF MORT-
GAGED PROPERTY.

A federal court having possession, through its receiver, of the mortgaged property, has jurisdiction of a suit to foreclose the mortgage, regardless of the citizenship of the parties.

William D. Guthrie, Wager Swayne, and William B. Hornblower, for complainants.

B. F. Fifield and Edward C. James, for defendant Central Vermont R. Co.

COXE, District Judge. This is a suit by trustees to foreclose a mortgage made by the defendant, the Ogdensburgh & Lake Champlain Railroad Company. The defendant, the Central Vermont Railroad Company has filed a demurrer disputing the jurisdiction of the court and otherwise attacking the bill as being indefinite and defective for lack of proper parties defendant. Jurisdiction is not based upon the diverse citizenship of the parties. It rests wholly upon the fact that, prior to the commencement of this suit, the entire property involved in the controversy was taken possession of and has ever since been held by this court through its receivers, duly appointed. On two occasions this court, indirectly at least, has decided against the contention of the defendant. If not strictly res judicata it must be admitted that the decision permitting this suit to be brought and the decision refusing permission to sue the receivers in a state court are inconsistent with the theory of the demurrer. But, as an original proposition, it is thought that the bill must be sustained. It is conceded that full and ultimate relief cannot be had in the state court. After that court has pronounced its decree it is powerless to enforce it and must, in the language of the defendant's brief, "turn the parties over to the receivership court to satisfy or execute the decree." Granting that the state court may proceed thus far, how is the right of this court to do the same affected? Why all this circumlocution? Why two suits where one is sufficient? The process of "turning the parties over" can only be effected by bill, petition or other analogous proceeding. If this court must take jurisdiction of an action upon a judgment why may it not take jurisdiction of an action upon the instrument on which the judgment was obtained? That its jurisdiction must be invoked in the end is undisputed; that it may be invoked in the beginning would seem to follow as a logical conclusion. In both cases the power of the court to proceed depends not upon the character of the complainants' demand but upon the fact that they are seeking to reach property which is in the custody and control of the court. The rule seems to be well settled that where property is in the actual possession of the circuit court the right to decide upon conflicting claims to that property, irrespective of the citizenship of the parties, vests in that court as a necessary incident to the situation. In other words, when the court has full possession of property it is not required to yield the property and the right to administer thereon to another tribunal.

Morgan's L. & T. R. & S. S. Co. v. Texas Cent. Ry. Co., 137 U. S. 171, 201, 11 Sup. Ct. 61; Wiswall v. Sampson, 14 How. 52; Minnesota Co. v. St. Paul Co., 2 Wall. 609, 634.

Neither of the parties mentioned in the demurrer is a necessary defendant. Neither, as disclosed by the bill, has any interest in the controversy.

The ninth clause of the bill is sufficiently explicit to be sustained as against this demurrer.

The demurrer is overruled; the defendant to answer within 20 days.